DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that awarded plaintiff-appellant, Duane J. Tillimon, $2,600 for back rent owed to him by defendant-appellee, Jacqueline Kalbfliesh, but denied Tillimon the remainder of his claims. From that judgment, Tillimon raises the following assignments of error:
 {¶ 2} "First Assignment of Error
 {¶ 3} "The housing court erred when it did not award damages for utilities incurred in the name of the landlord while the tenant was in possession of the property.
 {¶ 4} "Second Assignment of Error
 {¶ 5} "The housing court erred when it did not award damages for rental loss and utility expenses for the month of May 2003 because the house could not be re-renteed [sic] due to extensive damages to the house.
 {¶ 6} "Third Assignment of Error
 {¶ 7} "The housing court erred when it failed to award rental loss damages and utility expenses for the months of June and July, 2003 because the rental agreement did not expire until February 28, 2004 and the premises was not re-rented until August 1, 2003.
 {¶ 8} "Fourth Assignment of Error
 {¶ 9} "The housing court erred when it failed to award damages for the cost of repairing the house due to damages beyond normal wear."
 {¶ 10} The facts of this case, as determined by the trial court, are as follows. On March 2, 2001, Tillimon and Kalbfliesh entered into a lease agreement under which Kalbfliesh would rent a home located at 2902 Powhattan Parkway, Toledo, Ohio, from Tillimon. Under the terms of the agreement, the lease term was March 1, 2001 to February 28, 2003, and the monthly rental payment was $1,300. Regarding renewal of the lease, the agreement provided: "This rental agreement shall automatically renew for periods of one year unless either party provides at least thirty (30) days prior written notice of their intent to terminate the rental agreement on the termination date specified, or its' [sic] anniversary date." Along with the lease agreement, the parties executed an option to purchase agreement, under which Kalbfliesh paid Tillimon the non-refundable sum of $3,600 for the option to purchase the property during the term of the lease.
 {¶ 11} On October 29, 2002, Kalbfliesh sent Tillimon a letter in which she notified him that she would not be renewing the lease and did not wish to exercise the option to purchase. She also asked Tillimon to refund a portion of the option money she had paid him in exchange for her leaving certain appliances in the house. In response, Tillimon sent Kalbfliesh a letter, dated October 31, 2002, in which he rejected Kalbfliesh's offer and acknowledged her intent not to renew the lease or exercise the option to purchase. After the February 28, 2003 termination date of the lease, however, Kalbfliesh remained in the home.
 {¶ 12} On April 8, 2003, Tillimon filed an eviction action in the court below. Tillimon sought restitution of the premises, rent due of $2,600, and damages for vacancy loss, re-rental expenses, cleaning, repairs, utility expenses and maintenance until the property is available for re-rental, is re-rented or the lease expires. At a hearing of April 29, 2003, Kalbfliesh evidently returned the keys to the home to Tillimon and Tillimon dismissed the claim for restitution of the premises. It is unclear exactly when Kalbfliesh vacated the property, but she was out of the home by the time Tillimon dismissed the restitution claim.
 {¶ 13} On November 22, 2004, the case proceeded to a trial on the issues remaining in the case. On May 20, 2005, the lower court issued a judgment entry that contained findings of fact and conclusions of law. In light of the facts as set forth above, the court held that Kalbfliesh timely expressed her intention to terminate the lease as of February 28, 2003, and that the lease did not automatically renew under the renewal terms of the lease agreement. The court then held that because Kalbfliesh did not vacate the property when the lease expired, she became a holdover tenant who occupied the property on a month-to-month tenancy. Because Kalbfliesh occupied the premises during March and April 2003, the court held that Tillimon was entitled to rent for those months and awarded him $2,600. The court then addressed Tillimon's claim for damages to the property allegedly caused by Kalbfliesh. Upon review, the court concluded that Tillimon's evidence regarding the alleged damages was not credible and therefore denied Tillimon's claim for damages. It is from that judgment that Tillimon now appeals.
 {¶ 14} Tillimon's assignments of error are related in that they each challenge factual findings made by the trial court and the court's denial of his claim for damages.
 {¶ 15} Our standard of review on manifest weight of the evidence issues in a civil case is whether there is some competent, credible evidence in support of the trial court's decision. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. Accordingly, when there has been a trial, the evidence presented at that trial is critical to a manifest weight determination. Tillimon has not provided this court with a complete copy of the trial transcript, which was his duty under App.R. 9(B). Initially, when Tillimon filed his notice of appeal, praecipe and docketing statement, he indicated that no trial transcript or substitute would be required. On July 18, 2005, Tillimon filed a motion for extension of time to file his appellate brief and to obtain a transcript or agreed statement of the evidence. We granted that motion on August 30, 2005, and ordered Tillimon to supplement the record with a transcript of proceedings or an agreed statement within 30 days of the date of that decision. Tillimon was subsequently granted an additional extension of time to file the transcript of proceedings or agreed statement. On October 31, 2005, Tillimon filed only a partial transcript of proceedings. Indeed, he only filed his direct testimony from the trial. Appellant then filed his assignments of error and brief on November 22, 2005, and Kalbfliesh filed her appellate brief on January 5, 2006. Then, on January 9, 2006, Tillimon filed a motion for extension of time to file a complete transcript. In a decision and judgment entry of February 14, 2006, we denied the motion, finding that appellant had already chosen to file a partial transcript, that the briefs had been filed and that to grant Tillimon's motion would cause undue hardship on Kalbfliesh.
 {¶ 16} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
 {¶ 17} In his second and fourth assignments of error, Tillimon asserts that Kalbfliesh caused extensive damage to the property. Accordingly, Tillimon asserts he was entitled to recover the cost of repairs beyond normal wear and tear, and rental loss and utility expenses for the month of May 2003, because the house could not be rented at that time due to the extensive damages. In his third assignment of error, Tillimon essentially challenges the lower court's conclusion that the lease terminated on February 28, 2003. In making the findings that it did, the trial court evaluated the evidence before it and found that that the damages were the result of normal wear and tear and that the lease terminated on February 28, 2003. Absent a complete transcript, we have no choice but to presume that the court's findings were correct. The second, third and fourth assignments of error are not well-taken.
 {¶ 18} In his first assignment of error, Tillimon contends that the lower court erred in failing to award him his utility expenses for the property for the months of March and April 2003, when the court did award him past due rent for those months. The trial court's judgment entry does not expressly address this claim but simply denies Tillimon's claim for all damages. At the trial below, Tillimon submitted gas, electric and water bills purporting to cover the property in question during the months of March and April 2003, as well as thereafter. Absent the complete testimony from the trial below, however, including any cross-examination to which Tillimon was subjected regarding these bills and any testimony from Kalbfliesh, we must presume that the trial court's denial of Tillimon's claim for these expenses was valid. The first assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Pietrykowski, J., Sjow, J., Parish, J., concur.